**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| SHAVAUGHAN CARLOS WILSON-EL, )<br>)<br>Petitioner, )<br>vs. )<br>)<br>CRAIG HANKS, )<br>)<br>Respondent. ) | No. 2:05-cv-255-RLY-WGH |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* In this case, petitioner Shavaughan Carlos Wilson-El ("Wilson-El") has failed to make such a showing. Accordingly, his petition for a writ of habeas corpus must be **denied.** This conclusion rests on the following facts and circumstances:

1.      Wilson-El seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. WVD 05-06-0179. In that proceeding, he was found guilty of violating prison rules through his disorderly conduct. The evidence supporting this determination was a conduct report reciting that on June 15, 2005, Wilson-El entered a dayroom at the Wabash Valley Correctional Facility. At the time, Wilson-El was restricted from that dayroom, so the reporting officer directed Wilson-El to empty the ice from the coolers into the sink and return to his cell. Wilson-El became loud, argumentative, and disruptive. He refused to dispose of the ice and failed to return to his cell until additional staff arrived. Even when he returned to his cell, moreover, Wilson-El continued to display a disruptive behavior. Wilson-El was supplied with a copy of this charge, was notified of his procedural rights in connection with the matter, attended the disciplinary hearing conducted and made a statement at the hearing. He was found guilty and sanctioned. The present action was filed after his administrative appeal was rejected.

2.      Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5

(2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Wilson-El was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

   3.   Under *Wolff* and *Hill,* Wilson-El received all the process to which he was entitled.

      a.   The record shows that the charge was clear, that Wilson-El received more than 24 hours advance notice of the hearing, that he appeared at the disciplinary hearing and made a statement concerning the charge, that the conduct board set forth in writing its findings and the evidence considered, that the statement of the sanctions was clear, and that a written reason for the sanctions imposed was made.

      b.   The evidence was constitutionally sufficient, consisting of the conduct report and the report of investigation, which have been summarized as recited above. That evidence, viewed in the manner most favorable to the decision of the conduct board, was that Wilson-El was disruptive in his behavior toward staff and that through this disruptive behavior he engaged in disorderly conduct. This satisfies the "some evidence" required by due process. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994). The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In this case, the conduct report fulfills the "some evidence" requirement of *Hill.* It does so by reciting the circumstances under which Wilson-El engaged in disorderly conduct. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); see also *Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Wilson-El has not argued otherwise, just as he has not replied to any aspect of the respondent's return to order to show cause.

4. Wilson-El's specific contentions lack legal merit and/or factual basis. His first claim is that there was insufficient evidence to find him guilty, but that contention has already been considered. His second claim is that he did not have a fair hearing or an impartial conduct board. This claim appears to be based solely on the outcome of the proceeding, but rests on *post hoc* reasoning and does not show bias. On the contrary, a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff*'s procedural requirements, does not pose a hazard of arbitrariness which violates due process. *Wolff,* 418 U.S. at 571. His third claim is that the sanctions were inconsistent with the charge or with the case. Those sanctions were, however, within the range of authorized sanctions for his infraction. A challenge to the severity of the sanctions imposed is not cognizable under 28 U.S.C. § 2254(a) under the circumstances of this case.  See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

5. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Wilson-El to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, his petition for a writ of habeas corpus shows on its face that he is not entitled to the relief he seeks. That petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  07/20/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana